# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |
|---|---|
| **PANTHERA DENTAL, INC. and PANTHERA DENTAL USA CORP.**, <br><br> **Plaintiffs**, <br><br> v. <br><br> **AMANN GIRRBACH AG and AMANN GIRRBACH NORTH AMERICA LP,** <br> **Defendants.** | CIVIL ACTION NO.: <u>3:26-cv-77</u> <br><br> **VERIFIED COMPLAINT** |

Plaintiffs Panthera Dental Inc. ("Panthera Canada") and Panthera Dental USA Corp. ("Panthera USA") (collectively, "Panthera" or "Plaintiffs"), by and through its counsel, hereby file this Verified Complaint against Defendants Amann Girrbach AG ("AG Austria") and Amann Girrbach North America LP ("AGNA") (collectively, "Defendants") and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for breach of contract under North Carolina common law, willful trademark infringement, false designation of origin, and unfair competition under the Trademark Act of the United States, commonly known as the Lanham Act, 15 U.S.C. §§ 1125 *et seq*., and North Carolina common law, and unfair and deceptive trade practices under North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75.1 *et seq.*

2. Panthera is a dental device company focused on the design and manufacture of custom-made dental restorations, sleep breathing disorder solutions, and dental implant products.

3. Panthera's products include patented and industrial designed appliances, devices, and proprietary software which Panthera has sold for over a decade to thousands of business customers in

thirty-five (35) countries, including the United States, Canada, and across Europe. Included in its wide catalog of products and dental solutions is its dental bar, branded the Fusion Bar$^{TM}$, a distinctive brand it created two years ago and has been using consistently since. The Fusion Bar$^{TM}$ is an innovative, low-profile implant dental bar that incorporates a high-end aesthetics prosthesis.

4.       Panthera recently discovered that Defendants have begun a campaign to infringe Panthera's intellectual property and directly compete with it by promoting, selling, and distributing equipment and software in the U.S. to the dental industry, including dental laboratories and clinics, using Panthera's Fusion Bar$^{TM}$. Defendants' actions directly infringe and induce the infringement of customers to infringe the Fusion Bar$^{TM}$ mark, by enabling them to produce dental prosthetics of unknown quality or materials in-house that compete directly with Panthera's products. Such actions are done willfully, to trade off of Panthera's goodwill, and confuse the market as to the source and affiliation of Defendants' products.

## THE PARTIES

5.       Plaintiff Panthera Dental Inc. is a Canadian corporation with its principal place of business located at 9105 rue John-Simons, Quebec, QC Canada, G2B 0S6.

6.       Plaintiff Panthera Dental USA Corp. is a Delaware corporation with its principal place of business located at 22343 La Palma Ave, Suite 128, Yorba Linda, CA 92887.

7.       Defendant Amann Girrbach AG is an "aktiengesellschaft" (corporation) organized and existing under the laws of Austria, with its principal place of business located at Gewerbestraße 10, 6841 Mäder, Austria and a U.S. affiliate and presence at 13900 South Lakes Drive, Suite D, Charlotte, NC 28273. AG Austria has been a manufacturer in the dental products space for over 20 years. In addition to its Austrian and North Carolina locations, AG Austria has a worldwide presence, with locations in Germany, Italy, France, Singapore, Brazil, and China.

2

8.      Defendant Amann Girrbach North America LP is a North Carolina limited partnership with its principal place of business located at 13900 South Lakes Drive, Suite D, Charlotte, NC 28273. Defendant AGNA is a wholly owned subsidiary of Austrian parent aktiengesellschaft, Defendant AG Austria.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1367 because such state law claims are joined with and related to claims under the Trademark Laws of the United States.

10.     The Court has supplemental jurisdiction over the breach of contract claims as they are so related to the claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11.     This Court has personal jurisdiction over Defendants as these causes of action arise as a result of AGNA and AG Austria's infringing acts and transaction of business in this District, including use of the Fusion Bar™ trademark to promote and sell their products and services to prospective purchasers, within this District. In addition, Defendants and their agents and employees transact business in this District including with the infringing products at issue. AG Austria directed the infringing acts of AGNA in this District and prepared a Collaboration Agreement, to which AGNA is a party that was executed in this District. Therefore, Defendants are subject to personal jurisdiction in North Carolina and in this District.

12.     The Court has general and specific jurisdiction over Defendant AG Austria as AG Austria has continuous and systematic contacts with North Carolina including through its dedicated United States subsidiary, manufacturer, distributor, and sales and support provider, Defendant AGNA

located in Charlotte, North Carolina.

13.     Further,   Defendants   operate   the   https://www.amanngirrbach.com/   and
https://us.catalog.amanngirrbach.com/ websites which allow for customers in this District to add
products to a shopping list and submit an order request to be fulfilled. In July 2024, Defendants posted
an article to their website inviting customers to access their new web shop. *See* Exhibit A.

14.     Venue is proper within the Western District of North Carolina pursuant to 28 U.S.C.
§ 1391 (a), (b), and (c) as Defendant AGNA, the U.S. subsidiary of Defendant AG Austria, has its
headquarters located within this District and a substantial part of the events or omissions giving
rise to the claims occurred in this District. Additionally, venue is proper in this District for
Defendant AG Austria, an Austrian entity, as a defendant not resident in the United States that
may be sued in any judicial district under 28 U.S.C. § 1391(c)(3).

## FACTS

15.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through
14 as if fully set forth herein.

### *Panthera and the Fusion Bar$^{TM}$ Mark*

16.     Panthera Canada's history as a dental device designer and manufacturer dates back to
2012. For over 15 years, Panthera Canada has specialized in designing and manufacturing products
to deliver high-quality outcomes for dental, medical, and sleep professionals, such as dentists, dental
technicians, laboratory owners, and clinicians for their patients. Panthera Canada uses advanced
computer-aided design ("CAD"), computer-aided manufacturing ("CAM") processes, and smart
manufacturing for its dental equipment, products, and services. Panthera Canada continues to focus
on innovation and product improvements, resulting in products being renowned and used throughout
North America and the world.

4

17.     Panthera designs, manufactures, distributes, and sells a dental bar under the trademark "FUSION BAR" that it coined in early 2024. Its Fusion Bar$^{TM}$ dental bar combines a unique low-profile implant bar with high-end aesthetics and provides unrivaled strength and durability for all types of fixed prothesis. It can be used from a small dental bridge ("FP1 restoration type") to a functional prosthetic 3 ("FP3 restoration type") restoration in zirconia, poly(methyl methacrylate) ("PMMA"), or any other material.

18.     Panthera USA is a wholly owned subsidiary of Panthera Canada that markets and sells Panthera Canada's products to the dental industry, including dental laboratories and clinics, in the United States. Panthera USA is well regarded for selling high quality dental products for the dental market.

19.     Panthera's Fusion Bar$^{TM}$ product is highly unique in its design and use, particularly since it can be adapted to over 700 different dental implants and eliminates the need for multi-unit abutments. Panthera's FUSION BAR trademarks are protected through both its common law rights that pre-date Defendants' use by over a year and a half in addition to multiple United States federal trademark applications and Canadian registrations and an application for such trademarks (identified below and hereinafter, the "FUSION BAR Marks"). Copies of each of the FUSION BAR Marks are attached as Exhibit R.

20.     Panthera has sought to protect its valuable rights in the FUSION BAR Marks for the products sold under the trademarks.

21.     Panthera Canada is the owner of the following:

a.   U.S. Serial Application No. 99604154 for its FUSION BAR trademark for *Dental foundation supports in the nature of dental bar implants, namely, anchoring bars for use with dental implants being metal structures used in conjunction with dental*

5

*prosthesis to support and stabilize artificial teeth* in International Class 10;

 b. U.S. Serial Application No. 98315023 for its PANTHERA FUSION BAR design mark for *Dental foundation supports in the nature of dental bar implants, namely, anchoring bars for use with dental implants being metal structures used in conjunction with dental prosthesis to support and stabilize artificial teeth* in International Class 10; and

 c. U.S. Serial Application No. 98314998 for its PANTHERA FUSION BAR trademark for *Dental foundation supports in the nature of dental bar implants, namely, anchoring bars for use with dental implants being metal structures used in conjunction with dental prosthesis to support and stabilize artificial teeth* in International Class 10

(collectively, the "FUSION BAR Applications").

22. Panthera Canada also owns in Canada:

 a. Canadian Registration No. TMA1356069 for its PANTHERA FUSION BAR mark for *Dental bar on implants, namely, anchoring bar on dental implants, a metal structure used in dental prosthesis to support and stabilize artificial teeth* in International Class 10;

 b. Canadian Registration No. TMA1356068 for its PANTHERA FUSION BAR design mark for *Dental bar on implants, namely, anchoring bar on dental implants, a metal structure used in dental prosthesis to support and stabilize artificial teeth* in International Class 10 (together "Canadian FUSION BAR Registrations"); and

 c. Canadian Application No. 2450295 for its FUSION BAR mark for *Dental bar on implants, namely, anchoring bar on dental implants, a metal structure used in dental*

*prosthesis to support and stabilize artificial teeth* in International Class 10 ("Canadian FUSION BAR Application").

23.     At all times relevant to this Complaint, Panthera conceived of and has owned all right, title, and interest in the FUSION BAR Marks and has used and continued to use the respective marks in connection with the goods identified in the FUSION BAR Applications, Canadian FUSION BAR Registrations, and Canadian FUSION BAR Application to advertise, market, offer to sell, and sell such dental bar goods in interstate commerce.

24.     On or around February 14, 2024, Panthera published its launch video for its Fusion Bar™ products, "Back to the Fusion" on Youtube at https://www.youtube.com/watch?v=V7G8mTexBe8.

25.     In or around February 2024, Panthera premiered its FUSION BAR branded products at LMT LabDay Chicago, the largest gathering of the dental laboratory industry in North America. LMT LabDay Chicago is a conference that first began in 1985 and has grown to host over 275 exhibitors and 4,600 attendees over three days of seminars. Dental industry publications promoted the FUSION BAR launch in 2024. *See* Exhibit B.

26.     Since at least March 7, 2024, Panthera has prominently displayed its FUSION BAR Marks on its website, https://pantheradental.com/, social media accounts, in print media, newspapers, trade journals, magazines, and in signs, banners, and numerous promotional materials. Panthera has extensively and continuously promoted and sold its dental bar product under the FUSION BAR Marks in the United States and globally.

27.     Panthera has invested substantial time, effort, and expense in advertising, marketing, and promoting goods bearing the FUSION BAR Marks, such that these unique goods have become widely recognized as emanating from Panthera and as maintaining only the highest quality standards.

7

28.     In 2024, Panthera received the Journal of Dental Technology (JDT) WOW! award in 2024 for its FUSION BAR product. *See* Exhibit C at 23.

29.     Panthera has strict standards and protocols to ensure that third parties who have distribution and sales rights to the FUSION BAR branded products only use the FUSION BAR Marks in an authorized manner.

30.     Panthera has used the FUSION BAR Marks to identify and distinguish its goods from those of its competitors, such that the FUSION BAR Marks represent and possess significant goodwill, which is of great monetary and reputational value to Panthera.

31.     As a result of Panthera's extensive promotion and sales of products under the FUSION BAR Marks that have led to the FUSION BAR Applications, Canadian FUSION BAR Registrations, and Canadian FUSION BAR Application, the FUSION BAR Marks have acquired significant recognition and renown in the industry and the general public, including with residents in North Carolina and in this District. In addition, prospective purchasers have come to recognize goods under the FUSION BAR Marks as emanating exclusively from Panthera or are authorized, sponsored, affiliated with, or otherwise approved by Panthera. As a result of its widespread, continuous, and exclusive use of the FUSION BAR Marks to identify its goods and Panthera as their source, Panthera owns valid and subsisting common law rights to the FUSION BAR Marks.

32.     Prior to the agreement between Panthera and AGNA and infringing activity by Defendants described herein, Panthera was the sole and exclusive source of dental bars bearing the FUSION BAR Marks. There has never been a time, prior to the partnership between Panthera and AGNA and infringement by Defendants, when anyone in the industry used the FUSION BAR Marks to refer to dental bars manufactured by a source other than Panthera.

Docusign Envelope ID: CFFBA8C8-51A3-437D-A7BA-7BF24A9DF347

*The Parties' Agreements*

33. As the pioneer and exclusive provider of dental bars bearing the FUSION BAR Marks, Panthera has successfully sold such bars to relevant consumers in the dental industry since Panthera launched these new dental bar products in 2024.

34. On or around February 22, 2024, Panthera Canada and Defendant AG Austria met to discuss a collaboration where Panthera would permit AG Austria to pitch Panthera's Fusion Bar™ to customers, including customers of its production equipment and Ceramill software products, and Panthera could pitch zirconia as an offering to its clients. During the course of their conversations, AG Austria decided its US subsidiary, AGNA, would be an ideal party for a North American focused collaboration.

35. On July 26, 2024, Panthera Canada on the one hand and Defendant AGNA on the other signed a Mutual Non-Disclosure Agreement ("NDA"), pursuant to which the parties discussed a potential partnership with Panthera's FUSION BAR products at the center. *See* Exhibit D. The NDA restricted the Panthera and AGNA from disclosing confidential information outside of it and its affiliates' respective officers, directors, employees, advisory committee members, financial advisors, consultants, debt financing sources, contractors, accountants, and attorneys.

36. Panthera understands that AGNA shared Panthera's information with its parent, AG Austria, during the course of the parties' negotiations and thereafter.

37. Defendant AG Austria prepared a Collaboration Agreement to memorialize the agreement to mutually collaborate to promote AGNA's zirconia discs in producing Panthera's CAD/CAM dental bars and overtures to combine and sell both Panthera and AGNA's products to end customers.

38. On October 30, 2024, Panthera Canada and AGNA executed the Collaboration

9

Agreement. *See* Exhibit E. The Collaboration Agreement was set to end automatically on January 1,

2026 absent any renewal. ██████████████████████████████████

██████████████████████████████████████████████████

      39.    The Collaboration Agreement ██████████████████████████████

████████████████████████████████████████

        █  ████████████████████████████████████████

           ████████████████████████████████████████

           ████████████████████████████████████████

           ████████████████████████████████████████

           ████████████████

        █  ████████████████████████████████████████

           ████████████████████████████████████████

           ████████████████████████████████████████

           ████████████████████████████████████████

           ████████████████████████

      40.    The Collaboration Agreement ████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████

      41.    Defendant AGNA's responsibilities under the Collaboration Agreement included

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

10

███████████████████████████████████████████████████

██████████████████

██     ████████████████████████████████████████████

██████████████████

 ██    ███████████████████████████████████████████

       █████████████████████████████████

 ██    ████████████████████████████████████████████

       ████████████████████████████████████████

 ██    ████████████████████████████████████████████

       █████████████████████████████████████████████

       ███████

 ██    █████████████████████████████████████████████

       █████████████████████████████████████████████

       ████████████████████

43.     On or around February 20, 2025, Panthera and AGNA announced their collaboration and the new dental workflow innovation contemplated by the Collaboration Agreement. AG Austria and AGNA published a press release promoting the collaboration, Defendants' role as a distributor of Panthera's FUSION BAR products in North America, and integration with Defendants' dental workflow machine and associated software, Ceramill. *See* Exhibit F.

44.     Defendants officially presented the parties' collaboration at LMT Lab Day Chicago 2025. *See* Exhibit G.

45.     Panthera Canada performed all of its obligations to AGNA under the Collaboration Agreement.

11

46. The Collaboration Agreement terminated on January 1, 2026.

**Defendants' Breaches of Contract and Infringement of the FUSION BAR Marks**

47. AG Austria manufactures all its products exclusively in-house at its Austrian headquarters, allowing AG Austria to maintain full control over the entire value chain.

48. AG Austria imports its products to the United States through its subsidiary, AGNA.

49. Upon information and belief, AG Austria dominates and controls all aspects of AGNA's business, including its marketing efforts, partnerships, product development, and distribution of products.

50. Before the termination of the Collaboration Agreement, AG Austria and AGNA began using the FUSION BAR Marks in advertising, marketing, distributing, and offering to sell updates to Defendants' Ceramill software used on the machines it also sells to its customers. Defendants' Ceramill software is used as part of workflows for the manufacturing and production equipment that Defendants offer and sell to customers that seek to manufacture dental prosthetic products in their respective laboratories and clinics.

51. AG Austria and AGNA advertise and sell their equipment and software to the same classes of consumers as those who purchase Panthera's goods. By example and not limitation, Defendants sell products to dental laboratories, technicians, and clinicians in North Carolina. Panthera advertises and sells its FUSION BAR products to these same types of consumers in the dental industry.

52. On or around November 5, 2025, Defendants published and promoted highlights for an upgrade to their Ceramill software. The upgrade was for version 4.10. Attached hereto as Exhibit H is a true and correct copy of the highlights which show use of a confusingly similar and altered version of the FUSION BAR Marks in violation of the Collaboration Agreement, in which

a dash is put in between the "FUSION" and "BAR" elements of the FUSION BAR Marks and the term "DESIGN" was added. Defendants published multiple articles to their website about these updates and included the same confusingly similar and altered version of the FUSION BAR Marks. *See* Exhibit I and Exhibit J.

53.    Since November 24, 2025, Defendants' updated Ceramill software has been available for their customers to download.

54.    On or around December 2, 2025, Defendants published a video titled, "Ceramill Software Upgrade 4.10 – Webinar with new functions and tips" on Youtube. This 52 minute, 29 second video included numerous confusingly similar and altered versions of the FUSION BAR Marks and images from Panthera's own website. For example, the below screenshots include all capitalized text with a dash in between the "FUSION" and "BAR" elements and a capitalized "F" in "FUSION" and "B" in "BAR" with a dash in between the two elements:





55. The video features a slide deck which Defendants distributed to their customers. An excerpt of the slides which include Defendants' infringing uses of the FUSION BAR Marks is attached hereto as Exhibit K.

56. On or around December 9, 2025, Defendants announced via LinkedIn the same Ceramill 4.10 software upgrade. In the post, Defendants used a confusingly similar and altered design mark version of the FUSION BAR Marks. Defendants again put a dash in between the "FUSION" and "BAR" elements of the FUSION BAR Marks and added the term "DESIGN" at the end without identifying or making any reference that the Fusion Bar™ trademark is owned by Panthera. *See* Exhibit L. Defendants also shared this confusingly similar and altered design mark on their Youtube page. *See* Exhibit M.

14

57. On or around December 19, 2025, Defendants published and promoted a webinar for their Ceramill 4.10 software upgrade on their website. Again, Defendants used a confusingly similar and altered version of the FUSION BAR Marks without identifying or making any reference that the Fusion Bar™ trademark is owned by Panthera. *See* Exhibit N. A few days later, Defendants posted a tutorial video discussing the updates and used Panthera's FUSION BAR Marks. *See* Exhibit O.

58. On or around January 9, 2026, Defendants again used the infringing FUSION BAR Marks on their website and social media. Attached hereto as Exhibit P is a screenshot of a January 9, 2026 webinar on the Ceramill software update presented by AGNA employees for its customers, including customers in North Carolina and using an altered version of the FUSION BAR Marks.

59. On or around January 16, 2026, Defendants published an additional update to their Ceramill Cockpit software for version 4.10.2. *See* Exhibit Q. As part of this update, Defendants again used a confusingly similar and altered version of the FUSION BAR Marks, showing this infringing use as part of the functions for its equipment workflows, circled in red below:

15

Docusign Envelope ID: CFFBA8C8-51A3-437D-A7BA-7BF24A9DF347



60.     Each of the uses identified in paragraphs 52 through 59 are defined as the Infringing

FUSION BAR Marks.

61.     Defendants' uses of the Infringing FUSION BAR Marks have and will create a

likelihood of confusion, mistake, or deception, leading consumers to believe that there is some

affiliation, association, or common source of sponsorship with Panthera's FUSION BAR Marks

for dental bars or related dental products, or with Panthera's products, services, or business.

62.     Defendants' uses of the Infringing FUSION BAR Marks with the same, similar, or

complementary products has and will cause, and is likely to cause, confusion and mistake with

Panthera's products and services, disseminated or sold in connection with the FUSION BAR Marks,

or Panthera's business so as to deceive consumers, the industry and others, and thereby constitutes an

infringement of Panthera's rights through unfair competition.

63.     Persons familiar with Panthera's FUSION BAR Marks and the business of Panthera

and/or Panthera's products are likely to be confused, mistaken, and/or deceived upon seeing Defendants' use of the Infringing FUSION BAR Marks or variations thereof, or are likely to believe that AG Austria's and AGNA's business is endorsed by, sponsored by, or emanates from, or is in some way connected with Panthera or Panthera's business or with Panthera's FUSION BAR Marks.

64. As a result of AG Austria and AGNA's unfair and infringing acts or misappropriations, Panthera has been and will continue to be irreparably damaged and, unless Defendants' infringing activities are enjoined, Panthera will continue to suffer irreparable injury and harm to its property and goodwill.

65. AG Austria and AGNA's products using the Infringing FUSION BAR Marks move through multiple channels of trade that are similar or identical to those of Panthera's products and are promoted to the same or similar classes of prospective purchasers or end-users. Products sold using AG Austria and AGNA's Infringing FUSION BAR Marks may be advertised at the same trade shows on the same websites or other online or print articles and publications, at the same stores, and by the same reviewers as the products sold by Panthera in connection with the FUSION BAR Marks.

66. Defendants' uses of the Infringing FUSION BAR Marks or variations thereof are without Panthera's consent or permission, and are in violation of the Collaboration Agreement.

67. Defendants' uses of the Infringing FUSION BAR Marks or variations thereof will result in damage and in the diminishment of sales and the loss of the value and goodwill of Panthera's FUSION BAR Marks.

68. Upon information and belief, AG Austria and AGNA, with knowledge of Panthera's FUSION BAR Marks and in willful disregard of Panthera's rights, are engaging in a deliberate course of conduct designed to appropriate the goodwill associated with the FUSION BAR Marks. AG Austria and AGNA's actions will irreparably harm Panthera by diminishing the reputation and

17

goodwill of Panthera's FUSION BAR Marks. Dental device consumers and the public associate the FUSION BAR Marks with Panthera and its dental bar products such that Defendants' use of the Infringing FUSION BAR Marks will inevitably cause consumers to mistakenly believe that the products marketed and sold using the Infringing FUSION BAR Marks, including software used in conjunction with dental bars, in particular are produced, authorized, licensed, or sponsored by Panthera, or that Defendants are somehow still connected with Panthera or Panthera's FUSION BAR Marks.

## COUNT I
## Breach of Contract
## (AGNA)

69. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 68 of this Complaint as if set forth in full.

70. Panthera Canada and AGNA entered into a written Collaboration Agreement on October 31, 2024, whereby, among other things, Panthera Canada agreed to license certain of its intellectual property to AGNA to offer a dental workflow focused on simplifying implant bar and bridge restorations.

71. The Collaboration Agreement was an enforceable, valid, and binding contract.

72. At all relevant times, Panthera Canada abided by and performed all obligations required of it under the Collaboration Agreement.

73. The Collaboration Agreement required the parties to not alter, remove, or change the trademarks of the other party.

74. The Collaboration Agreement also required the parties to not use the trademarks in any manner that may in any way harm their distinctiveness, reputation, validity, or goodwill of the other party.

18

75. AGNA breached the Collaboration Agreement by, among other things, altering the FUSION BAR Marks during the term of the Collaboration Agreement, and using the FUSION BAR Marks in a way that harms their distinctiveness, reputation, and validity, and using the FUSION BAR Marks both during the term and following the expiration of the Collaboration Agreement.

76. AGNA has no active license to use or alter the FUSION BAR Marks as the Collaboration Agreement and any rights thereunder expired on January 1, 2026.

77. As a direct and proximate result of AGNA's breach of the Collaboration Agreement, Plaintiffs have suffered and will continue to suffer irreparable harm and damage to their business, including the potential for lost profits, damages, and loss of goodwill.

**COUNT II**
**(Trademark Infringement, False Designation of Origin, and Unfair Competition**
**in Violation of the Lanham Act – 15 U.S.C. §§ 1125(a))**
**(All Defendants)**

78. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 77 of this Complaint as if set forth in full.

79. Panthera has continuously used the FUSION BAR Marks in commerce in connection with Panthera's dental bar products since at least as early as March 2024 and has established common law trademark rights in the FUSION BAR Marks.

80. By virtue of Panthera's continuous and exclusive use and promotion of the FUSION BAR Marks, and other use and promotion attributable to Panthera, relevant consumers associate the FUSION BAR Marks with Panthera as a single source of goods provided under the FUSION BAR Marks.

81. Panthera granted AGNA a limited license, via the Collaboration Agreement, to

19

make use of the FUSION BAR Marks in association with the parties' collaboration.

82.     The Collaboration Agreement terminated on January 1, 2026.

83.     Following the termination of the Collaboration Agreement, AGNA continued to use the Infringing FUSION BAR Marks without authorization from Panthera.

84.     Panthera never granted AG Austria any license or otherwise authorized AG Austria to use the Infringing FUSION BAR Marks.

85.     AG Austria and AGNA's unauthorized use in commerce of the Infringing FUSION BAR Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of AG Austria and AGNA's goods, and is likely to cause consumers to believe, contrary to fact, that AG Austria and AGNA's goods are sold, authorized, endorsed, or sponsored by Panthera, or that AG Austria and AGNA are affiliated with or sponsored by Panthera. Defendants' conduct therefore constitutes trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

86.     AG Austria and AGNA have committed the foregoing acts of infringement with full knowledge of Panthera's rights in the FUSION BAR Marks, as well as AGNA's obligations under the Collaboration Agreement, with the willful intent to benefit from Panthera's goodwill in the FUSION BAR Marks.

87.     AG Austria and AGNA acted knowingly, willfully, and deliberately, and with the intent to deceive and mislead consumers and potential consumers and have profited from their wrongful conduct.

88.      Defendants' use in commerce of the Infringing FUSION BAR Marks in connection with the marketing, distribution, promotion, and sale of Defendants' goods to the consuming public constitutes false or misleading representations of fact because they are an

intentional attempt to genericize the FUSION BAR Marks and thus constitute unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a).

89.     Defendants' use of the Infringing FUSION BAR Marks also constitutes false designations of origin and false representations that Defendants are or have some connection or association with, or are approved by Panthera and/or that the FUSION BAR Marks have been authorized or licensed for use by Defendants.

90.     Defendants have used and are continuing to use the Infringing FUSION BAR Marks with full knowledge of Panthera's trademark rights, and after expiration of the Collaboration Agreement and of Defendant AGNA's obligations to not alter and to cease all such use of the FUSION BAR Marks. *See* Exhibit E. These actions by Defendants are with an intent and purpose to trade upon the goodwill of Panthera, and are thus willful and deliberate.

91.     In view of Defendants' intentional, willful, and knowing infringement, this case is exceptional and Panthera is entitled to enhanced damages and its reasonable attorneys' fees.

92.     Defendants' conduct is causing immediate and irreparable harm and injury to Panthera's goodwill and reputation and will continue to both damage Panthera and confuse the public unless preliminarily and permanently enjoined by this Court. Panthera has no adequate remedy at law.

## COUNT III
### (Trademark Infringement under North Carolina Common Law)
### (All Defendants)

93.     Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 92 of this Complaint as if set forth in full.

94.      Panthera owns common law rights in the FUSION BAR Marks by virtue of the exclusive and continuous use of the FUSION BAR Marks in connection with Panthera's goods,

including dental bars and related goods.

95.     Panthera's FUSION BAR Marks are associated in the minds of relevant consumers with Panthera's provision of its dental bar products and related products.

96.     Defendants' unauthorized use in commerce of the Infringing FUSION BAR Marks is likely to result in confusion, deception or mistake, and therefore constitutes an infringement of Panthera's common law rights in its FUSION BAR Marks.

97.     Defendants' wrongful acts have caused and will continue to cause irreparable harm and injury to Panthera.

98.     Defendants' wrongful acts have caused and will continue to both damage Panthera and confuse the public unless enjoined by this Court. Panthera has no adequate remedy at law.

<u>**COUNT IV**</u>
<u>**(Contributory Infringement Under Federal and North Carolina Common Law)**</u>
<u>**(All Defendants)**</u>

99.     Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 98 of this Complaint as if set out in full.

100.    As early as July 11, 2024, Defendants had knowledge of Panthera's rights in the FUSION BAR trademarks, including Panthera's common law rights and Panthera's Canadian FUSION BAR Registrations that pre-date Defendants' use.

101.    Defendants provide equipment and software to the dental industry, including dental laboratories and clinics.

102.    On or around November 5, 2025, Defendants published a downloadable update to their software on their website, making the software available and accessible to their customers worldwide, including in the United States and in this District.

103.    Since at least November 5, 2025, Defendants' customers have downloaded the

software update which includes a workflow designed to integrate with Defendants' equipment to produce dental bar products in competition with and which infringe on Panthera's Fusion Bar™ products.

104.    Defendants' customers, including dental laboratories and clinics, now use Defendants' software to produce dental bar products which are in competition with and infringe on Panthera's Fusion Bar™ products and FUSION BAR Marks.

105.    Despite their knowledge of Panthera's rights in the FUSION BAR Marks, Defendants continue to manufacture, export, import, advertise, and sell their equipment and software to customers in the United States and within this District.

106.    Defendants have actively induced infringement by third parties by manufacturing, exporting, importing, and advertising their equipment and software for use by customers in the United States and within this District. Defendants' conduct goes beyond the provision of routine or passive services and constitutes a material contribution to third party infringement by enabling, facilitating, and sustaining third parties to download and use Defendants' software that utilizes the FUSION BAR Marks.

107.    Defendants are contributorily responsible for the harm done by their customers' use of Defendants' equipment and software to produce dental bar products which are in competition with and infringe on Panthera's Fusion Bar™ products and FUSION BAR Marks.

108.    These acts of Defendants as alleged herein constitute contributory trademark infringement of Panthera's FUSION BAR Marks.

109.    As a direct and proximate result of Defendants' contributory infringement, consumers have been and are likely to be confused, mistaken, or deceived as to the source, sponsorship, affiliation, or approval of Defendants' use of the FUSION BAR Marks.

110.     Defendants' wrongful acts have caused and will continue to cause irreparable harm and injury to Panthera.

111.     Defendants' wrongful acts have caused and will continue to both damage Panthera and confuse the public unless enjoined by this Court. Panthera has no adequate remedy at law.

**COUNT V**
**(Unfair Competition Under North Carolina Common Law)**
**(All Defendants)**

112.     Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 111 of this Complaint as if set out in full.

113.     By reason of the foregoing, Defendants have been, and are, engaged in unfair competition in violation of the common law, including through the use of the Infringing FUSION BAR Marks.

114.     Among other things, Defendants' use of the Infringing FUSION BAR Marks is being done with the intent to harm the distinctiveness, reputation, and validity of the FUSION BAR Marks.

115.     Defendants' unauthorized use constitutes the common law tort of unfair competition.

116.     Unless restrained by this Court, Defendants' actions will cause irreparable injury to Panthera.

117.     Defendants' conduct is causing immediate and irreparable harm and injury to Panthera's goodwill and reputation in the FUSION BAR Marks and will continue to both damage Panthera and confuse the public unless enjoined by this Court. Panthera has no adequate remedy at law.

24

## COUNT VI
## (Violation of North Carolina Unfair and Deceptive Trade Practices Act)
## (All Defendants)

118.     Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 117 of this Complaint as if set out in full.

119.     Defendants' wrongful acts set forth herein, including acts of infringement and unfair competition, cause confusion and deceive consumers as to the origin and/or source of the products promoted and sold using Panthera's FUSION BAR Marks, the origin and/or source of Defendants' products, and the relationship, if any, between Panthera, AG Austria, and AGNA. By reason of the foregoing, Defendants have been, and are, engaged in unfair and deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*, including at least through the manufacture, marketing, and sale of dental products using the Infringing FUSION BAR Marks.

120.     At all relevant times, AG Austria and AGNA have been and continue to be engaged in activities in or affecting commerce throughout the United States and in North Carolina, as defined by Chapter 75 of the North Carolina General Statutes.

121.     The wrongful conduct of AG Austria and AGNA complained of herein have directly and proximately harmed Panthera in North Carolina and elsewhere. Unless restrained, AG Austria and AGNA's acts will continue to cause irreparable injury to Panthera and to Panthera's goodwill and reputation that cannot be adequately compensated by monetary damages.

122.     As a direct and proximate result of this unfair and deceptive conduct, Panthera has been damaged and is entitled to a judgment against Defendants for actual damages, and those damages are to be trebled pursuant to N.C. Gen. Stat. § 75-16.

123.     Panthera is also entitled to an award of its attorneys' fees pursuant to § 75-16.1.

25

## PRAYER FOR RELIEF

**WHEREFORE,** Panthera respectfully requests that this Court:

1.      Enter judgment that Defendants have violated North Carolina common law, breached the parties' contract, and violated both the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.* and the Lanham Act, 15 U.S.C. § 1125 *et seq.*;

2.      Enter judgment against Defendants that the above acts were willful and intentional, making this an exceptional case;

3.      Grant preliminary and permanent injunctive relief enjoining and restraining Defendants and all officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with either Defendant, jointly and severally:

   a.      From taking any action likely to cause confusion, mistake, deception or misunderstanding between Defendants and Panthera;

   b.      From directly or indirectly engaging in any further unfair competition or deceptive business practices, including displaying, offering for sale, or selling any products using the FUSION BAR Marks;

   c.      From otherwise continuing any and all acts of breaches of contract, unfair competition, and unfair and deceptive trade practices as alleged in this Complaint;

   d.      From causing, engaging in or permitting others to do any of the aforesaid acts.

4.      Direct that Defendants file with this Court and serve on counsel for Panthera within thirty days after entry of any injunction or other judgment issued by the Court, a sworn written statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants has complied with the injunction;

5.      Disgorge Defendants' from any profits gained in the sales of product by way of the Infringing FUSION BAR Marks;

26

6.      Award Panthera actual or statutory damages for the claims of this Complaint;

7.      Award Panthera punitive or treble damages for the claims of this Complaint;

8.      Award Panthera pre-judgment interest on all damages;

9.      Award Panthera its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and any other applicable provision of law; and

10.     Order any such other or further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Panthera respectfully demands a trial by jury of all issues so triable by a jury.

Dated: January 28, 2026.

By: */s/ Richard T. Matthews*
Richard T. Matthews (N.C. Bar # 32817)
Carmelle F. Alipio (N.C. Bar # 54738)
WILLIAMS MULLEN, P.C.
P.O. Drawer 1000
Raleigh, NC 27602-1000
Telephone: (919) 981-4000
Fax: (919) 981-4300
rmatthews@williamsmullen.com
calipio@williamsmullen.com

*Attorneys for Plaintiffs Panthera Dental Inc. and Panthera Dental USA Corp.*

27

Docusign Envelope ID: CFFBA8C8-51A3-437D-A7BA-7BF24A9DF347

## **VERIFICATION**

I, Gabriel Robichaud, declare as follows:

I am the Co-Founder and CEO of Panthera Dental Inc. and Director of Panthera Dental USA Corp. ("Plaintiffs"). I have read Plaintiffs' Complaint against Defendants Amann Girrbach North America and Amann Girrbach AG. I know the contents thereof to be true based on my own personal knowledge, except as to such matters therein based on my information and belief, and as to such matters, I believe them to be true.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of January, 2026.

By: _Gabriel Robichaud_

> Signé par :
> *Gabriel Robichaud*
> 2F2232D104A849D...

Gabriel Robichaud